UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDA MARIE IVY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CASE NO. 2:13-CV-1155-SLB |
| **CAROLYN W. COLVIN,** Acting **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Linda Marie Ivy brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's final decision denying her application for a period of disability and disability insurance benefits ["DIB"]. Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded for further proceedings.

## I. PROCEDURAL HISTORY

Ms. Ivy initially filed an application for a period of disability and DIB on February 10, 2011. (Doc. 5-3 at R.21.)[1] Her claims were denied initially. (*Id*.) Thereafter, she requested a hearing before an Administrative Law Judge ["ALJ"], which was held on August 6, 2012. (*Id*. at R.37.) After the hearing, the ALJ found that, while Ms. Ivy was unable to

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. References to page numbers ["R.___"] refers to the page number of the record from the Social Security Administration.

perform any past relevant work, she was capable of performing "other work that exists in significant numbers in the national economy." (*Id*. at R.30.) In light of this finding, the ALJ denied Ms. Ivy's request for a period of disability and DIB on September 28, 2012. (*Id.* at R.31.)

Ms. Ivy then asked the Appeals Council to review the ALJ's decision. (*Id*. at R.15.) The Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision. Therefore, [it] denied [Ms. Ivy's] request for review." (*Id*. at R.1.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id*.)

Following denial of review by the Appeals Council, Ms. Douthard filed an appeal in this court. (Doc. 1.)

## II.  STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and

supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted)

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

**A. THE FIVE-STEP EVALUATION**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability and DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "The term 'disability' means – (A) [the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

12 months . . . ." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 416(i)(1).  The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).  The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[2] 20 C.F.R. § 404.1572.  If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience.  20 C.F.R. § 404.1520(b). "Under the first step, the claimant has the burden to show that she is not currently engaged

---

[2]The regulation provides:

(a) *Substantial work activity*.  Substantial work activity is work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*.  Gainful work activity is work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*.  Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572.

in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (11th Cir. 2012).[3]

The ALJ found that Ms. Ivy had "not engaged in substantial gainful activity since January 31, 2011, the alleged onset date. (Doc. 5-3 at R.23.)

**2. Severe Impairments**

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523. A claimant has the burden to show that he has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Ivy had the following severe impairments: "spastic bowel disease; chronic pancreatitis; Meniere's disease;[4] GERD;[5] fibromyalgia, major depressive disorder; social phobia; pain disease; and migraines." (Doc. 5-3 at R.23 [footnotes added].) She also found that Ms. Ivy had sensorineural hearing loss but that this impairment was not severe as Ms. Ivy had no significant difficulty hearing during the ALJ's hearing and no assistive devices had been recommended. (*Id*. at R.26.)

---

[4]"Meniere's is a 'disease of the inner ear (the innermost of the three parts into which the hearing apparatus is divided) associated with a dilation of the membranous labyrinth . . . . It is characterized by attacks of dizziness, ringing in the ears, deafness, peculiar movements of the eyes (from side to side), and vomiting. The attacks come on at irregular intervals. The cause of the disease is not understood. The treatment has never been satisfactory, but some of the medicines used include diazepam, which relieves the vertigo and dizziness.'" *Gainous v. Astrue*, 402 Fed. Appx. 472, 473 n.1 (11th Cir. 2010)(quoting J.E. Schmidt, 4 ATTORNEY'S DICTIONARY OF MEDICINE M-122 (2005)).

[5]"GERD" is gastroesophageal reflux disease. *R.L. v. Miami-Dade County School Bd.*, 757 F.3d 1173, 1178 (11th Cir. 2014).

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii), (d), (e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [the "Listings"]. If the claimant's impairments meet or equal a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d). The claimant has the burden of proving that his impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Ms. Ivy did not "have an impairment or combination of impairments that [met] or medically [equaled] the severity of one of the listed impairments." (Doc. 5-3 at R.26.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of a Listing, the claimant must prove that her impairment prevents her from performing her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f). At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 404.1560(b). "Past

relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [her] to learn to do it. *Id*. (b)(1). If the claimant is capable of performing her past relevant work, the Commissioner will find she is not disabled. *Id*. (e). The claimant bears the burden of establishing that the impairment prevents her from performing past work. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

> The ALJ found that Ms. Ivy had the following RFC:
>
> [T]he claimant has the residual functional capacity to perform light work . . . except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit six of eight hours; stand and/or walk six of eight hours; should never climb ladders, ropes or scaffolds; occasionally climb ramps, stairs, balance, stoop, crouch, kneel, crawl; avoid all exposure to workplace hazards such as dangerous machinery and unprotected heights; can perform simple tasks; maintain attention and concentration for 2-hour periods at a time; can perform jobs that do not require close cooperation with coworkers; can perform jobs that do not require interacting with the general public as a job duty; can adapt to routine and infrequent workplace changes.

(Doc. 5-3 at R.27.) The ALJ found that Ms. Ivy could not perform her past relevant work. (*Id*. at R.30.)

As for Ms. Ivy's other vocational factors, the ALJ found Ms. Ivy "was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. (*Id*.) She had a high school education and she was able to communicate in English. (*Id*.) Also, she found that whether Ms. Ivy had any transferable job skills was not material to her decision. (*Id*.)

**5. Other Work in the National Economy**

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant – in light of her RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1). The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(f). If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden to prove she is not capable of performing such other work.[6]

---

[6]The Eleventh Circuit has noted:

> In practice, the burden temporarily shifts at step five to the Commissioner. *See Jones* [*v. Apfel*], 190 F.3d [1224,] 1228 [(11th Cir. 1999)]. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. *See id*. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. *See id*. The temporary shifting of the burden to the Commissioner was initiated by the

Because the ALJ found Ms. Ivy could not perform a full range of light work, she consulted a Vocational Expert ["VE"] to determine whether any jobs exist in the national economy that Ms. Ivy, considering her RFC and her vocational factors, could perform. (*See* doc. 5-3 at 55-57.) The VE testified that an individual with Ms. Ivy's limitations and vocational factors could perform the jobs of laundry bagger, packer, small product assembler, and automatic machine operator. (Doc. 5-3 at R.57.) Based on this testimony, the ALJ found Ms. Ivy could perform other work, and, therefore, she found Ms. Ivy was not under a disability from January 31, 2011, through September 28, 2012. (*Id*. at R.31.)

**B. MS. IVY'S ISSUES ON APPEAL**

On appeal, Ms. Ivy contends:

> The ALJ erred in rejecting a treating physician opinion, the ALJ erred in selectively rejecting a consultative psychologist's opinion, and the evidence supported a favorable finding under the medical vocational rules

(Doc. 10 at 1.) Because the court finds insufficient evidence to support the ALJ's finding that Ms. Ivy has the residual functional capacity for a limited range of light work, the decision of the Commissioner will be reversed and remand for further proceedings.

---

courts, and is not specifically provided for in the statutes or regulations. *See Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999)(quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)( "The shifting of the burden of proof is not statutory, but is a long-standing judicial gloss on the Social Security Act")).

*Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

Under the Commissioner's regulations, "a job is in [the] category [of light work] when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). As part of his RFC, the ALJ found Ms. Ivy could "stand and/or walk six of eight hours" in a work day. (Doc. 5-3 at R.27.) The only evidence supporting such sustained standing or walking is the opinion of a non-medical agency reviewer. The undisputed evidence is that Ms. Ivy has severe medical impairments that cause her pain. Ms. Ivy testified that she has pain in her legs, which bothers her "very badly" when she walks for a long period of walking. (Doc. 5-3 at R.46.) Moreover, Meniere's disease may make prolonged standing or walking difficult. Although the ALJ found Ms. Ivy could walk or stand or six hours in an eight-hour workday, this finding is not supported by substantial evidence. Therefore, the Commissioner's decision will be reversed and remanded for further proceedings, including, but not limited to, obtaining additional evidence regarding Ms. Ivy physical and mental capabilities and consideration of whether the Medical-Vocational Guideline require a finding of "not disabled" if Ms. Ivy is limited to sedentary work.

Because this court is reversing the Commissioner's decision on the ground that the RFC is not supported by substantial evidence, the court pretermits discussion of Ms. Ivy's claim that the ALJ erred in discounting the weight given her treating physician's opinion and the consultative psychologist's opinion. However, nothing in this court's opinion should be

interpreted as precluding the ALJ from reconsidering and reweighing these opinions on remand.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded for further proceedings consistent with this Memorandum Opinion. An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

**DONE** this 30th day of March, 2015.

                                    *Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE